UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **VICTOR SANCHEZ-FLORES**<br>    **FED. REG. # 15980-035**<br>**VS.** | **CIVIL ACTION NO. 5:14-cv-0123**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **WARDEN, ADAMS COUNTY**<br>**CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Victor Sanchez-Flores is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the Adams County Correctional Center in Washington, Mississippi where he is serving the 57 month sentence imposed on March 7, 2013 by United States District Judge Patricia Minaldi following petitioner's guilty plea to a charge of illegal reentry by a removed alien. *See U.S.A. vs. Victor Sanchez-Flores*, No. 2:12-cr-0186.  He filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 on January 27, 2014. He seeks credit for time served in custody prior to the date he entered his plea. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED.**

*Background*

On some unspecified date, petitioner was removed from the United States. On some unspecified date thereafter, he re-entered the country illegally and, on April 1, 2012, he was taken into custody and turned over to the U.S. Border Patrol. He was charged with illegal reentry and, as noted above, he pled guilty to that offense on March 7, 2013. He was sentenced to serve 57

months imprisonment. On October 24, 2013, he submitted a hand-written *pro se* request to the Court seeking credit for the time served in custody since April 1, 2012, against his sentence. *See U.S.A. v. Sanchez-Flores*, No. 2:12-cr-0186 at Doc. 30.  On November 18, 2013, his Motion was denied and he was instructed to file a petition for *habeas corpus* pursuant to Section 2241.  He filed the instant petition on January 27, 2014.

## *Law and Analysis*

Petitioner invokes the jurisdiction of the Court citing 28 U.S.C. §2241. As noted above, petitioner was convicted and sentenced in the Western District of Louisiana; however, he is incarcerated at the Adams County Correctional Center, Washington, Mississippi.  A petition for *habeas corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is the only district that has jurisdiction to entertain a petitioner's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).) This court does not have jurisdiction over this claim because the petitioner is not incarcerated in this district.  Petitioner may re-file his petition in the United States Court with jurisdiction over his custodian.[1]

## *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED** for want of jurisdiction.

---

[1] Petitioner is reminded that at the time of sentencing Judge Minaldi specified that he would be credited for time-served from July 31, 2012. *See U.S. v. Sanchez-Flores*, No. 2:12-cr-0186 at Doc. 28.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 20, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE